## Mays, Appellant, *v.* Patterson.

*Contract—Consideration—Settlement of doubtful right.*

While the settlement of a doubtful right may furnish consideration for a promise, yet such promise to be enforceable must be definite in its terms.

In an action by a physician to recover for medical attendance, an affidavit of defense is insufficient which avers that there had been a dispute between the parties as to a previous bill of the plaintiff; and that the payment of that bill was the consideration for an agreement by the plaintiff to render to the defendants such general advice and prescriptions as would be needed by the defendant from time to time, if said defendant would pay said disputed bill, and that the charges contained in the plaintiff's account were charges for services rendered by plaintiff to defendant in consideration of the payment of the disputed bill. Such an alleged promise is uncertain and indefinite as to the character of the professional services to be performed, as to the place of their performance, and particularly as to the time during which the services should continue.

Argued March 12, 1902.    Appeal, No. 25, March T., 1902, by plaintiff, from order of C. P. York Co., Jan. T., 1901, No. 78, discharging rule for judgment for want of a sufficient affidavit of defense in case of Thomas J. Mays v. William T. Patterson and Sarah A. Patterson.    Before Rice, P. J., Beaver, Orlady, W. W. Porter and W. D. Porter, JJ.    Reversed.

Assumpsit by physician for services.    Before Bittenger, P. J.

The material portion of the supplemental affidavit of defense is as follows:

Defendants affirm that some time previous to the first item of charge on plaintiff's account, to wit: August 10, 1895, the said plaintiff rendered a bill to defendants for services alleged to have been rendered defendants professionally in the sum of $53.00 ; that said bill was not due and owing by defendants to plaintiff, was extortionate, was made up of charges which were not proper, and was disputed by defendants for various other reasons ; that said claim of $53.00 was the cause of a controversy between defendants and plaintiff, and defendants refused to pay said sum of $53.00.

That said plaintiff and defendants, desiring to settle the disputed question between themselves and end the contro-

versy, and for the further purpose of preventing litigation made promises mutually, one to the other, which promises were deliberate, intentional and fully understood, and were as follows, to wit: Said defendants promised to pay said plaintiff said disputed bill of $53.00 if said plaintiff would render to the defendants such general advice and prescriptions as would be needed by them from time to time, and said plaintiff promised said defendants to give such general advice and prescriptions as would be needed by the defendants from time to time if said defendants would pay said disputed bill of $53.00.

That relying upon the promise of plaintiff so made to the defendants, and in compliance with the reciprocal promise of said defendants made to plaintiff, and in consideration of the promise of settlement of said disputed bill of $53.00 and of plaintiff rendering defendants such needed advice and prescriptions so as aforesaid promised defendants by plaintiff, defendants then and there paid said disputed bill of $53.00 to plaintiff, receiving plaintiff's receipt therefor, as follows:

" PHILADELPHIA, Aug. 10, 1895.
" Mr. WILLIAM PATTERSON,
                    " To DR. THOMAS J. MAYS,         Dr.
" For professional services rendered self from July 23d
       to Aug. 10, 1895   .    .    .    .    .    . $53.00
                    " Received payment,
" 1829 Spruce street.              THOMAS J. MAYS."

That subsequent to said date, to wit: August 10, 1895, plaintiff never rendered to defendants, or either of them, up to the time of the filing of this affidavit any service of any kind, professionally or otherwise, except as was specifically promised by said plaintiff to defendants to be given, without further charge, in consideration of the payment of $53.00 by defendants to plaintiff as aforesaid; and that all the charges so contained in plaintiff's account are charges for services so rendered by plaintiff to defendants in consideration of the payment of $53.00 as aforesaid.

That the compromise of said disputed claim of $53.00 paid the aforesaid charges.

*Error assigned* was the order discharging rule for judgment for want of a sufficient affidavit of defense.

*John F. Kell*, for appellant.—The terms and subject-matter of the alleged promise are too indefinite : Sherman v. Kitsmiller, 17 S. & R. 45 ; Purves's Est., 196 Pa. 438 ; Graham v. Graham, 34 Pa. 475 ; Wall's Appeal, 111 Pa. 460 ; Pollock v. Ray, 85 Pa. 428.

*John A. Hoober*, for appellee, cited : Edelman v. Yeakel, 27 Pa. 26 ; Hoffman v. Ætna Fire Ins. Co., 32 N. Y. 405 ; Fulton's Est., 178 Pa. 78.

OPINION BY WILLIAM W. PORTER, J., April 21, 1902:

This action is brought by a physician for professional services rendered to the defendants. Two affidavits of defense have been filed. Both contain a general denial of the accuracy of the charges upon which the claim is founded. This allegation does not, however, stand alone. The first affidavit alleges that anterior to the present claim, the defendants " were indebted to " the plaintiff in the sum of $53.00 for medical attendance, and that the bill was paid, in consideration of which the plaintiff agreed to gratuitously give to the defendants all prescriptions and general advice needed from time to time, and that the services upon which the present claim is based were covered by this agreement. Palpably, the agreement thus set up was without consideration.

The statement thus set forth in the first affidavit is at variance with that contained in the second. The latter alleges that the payment of $53.00 was made after a dispute as to the propriety of the amount of the plaintiff's bill and that the settlement of this controversy was the consideration for an agreement by the plaintiff to " render to the defendants such general advice and prescriptions as would be needed by them from time to time, and said plaintiff promised said defendants to give such general advice and prescriptions as would be needed by the defendants from time to time, if said defendants would pay said disputed bill of $53.00." The affidavit contains the further statement that " the charges so contained in the plaintiff's account are charges for services so rendered by plaintiff for defendants in consideration of the payment of $53.00 as aforesaid." Without criticism of the contradictory statements under oath as to the circumstances of the payment of the $53.00, the con-

clusion is inevitable that the affidavits are insufficient. While the settlement of a doubtful right may furnish consideration for a promise, yet such promise to be enforceable must be definite in its terms. The most superficial examination of the allegation of contract here, shows that the alleged promise of the physician was uncertain and indefinite as to the character of the professional services to be performed, as to the place of their performance, and particularly as to the time during which the services should continue. The contract as set up, is thus insufficient to defeat the plaintiff's right to judgment. See Purves's Estate, 196 Pa. 438.

The judgment of the court below is therefore reversed and the record is remitted with direction to enter judgment against the defendants for such sum as to right and justice may belong, unless other legal and equitable cause be shown to the court below why such judgment should not be so rendered.